The court incorporates by reference in this paragraph and adopts as the findings and analysis of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.



Dated: July 7 2023

John P. Gustafson
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 19-33243 |
| | ) | |
| Eric D. Butchart, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |
| | ) | Judge John. P. Gustafson |

### ORDER DENYING MOTION FOR REFUND

This case came before the court on Trustee Douglas A. Dymarkowski's ("Trustee") *Motion for Refund of Overpayment of Fees* ("Motion"). [Doc. #63]. Trustee moves the court to refund a portion of the $350.00 fee for filing a complaint initiating an adversary proceeding. The basis of Trustee's Motion is that the filing fee of $350.00 was mistakenly paid, as the required fee was actually $276.92. The fee was $276.92 because the estate lacked sufficient funds to pay all of the administrative expenses in full. The filing fee was an administrative expenses. For the following reasons, the court will deny the Motion.

On March 19, 2021, Trustee commenced an adversary proceeding against Debtor Eric D. Butchart and simultaneously filed an *Application to Defer Payment of Fee for Filing Complaint*. [Adv. No. 21-03012, Doc. ##1, 2].

On March 22, 2021, the court entered an *Order Granting Application to Defer Payment*. [Adv. No. 21-03012, Doc. #5]. Accordingly, the court deferred payment of the $350.00 filing

fee due until the estate acquired sufficient liquid funds, if it ever did.

On May 7, 2021, the court entered a *Stipulated Order* dismissing the adversary proceeding. [Adv. No. 21-03012, Doc. #16].

On December 26, 2022, Trustee filed a *Final Report and Account*, which indicated the case was administratively insolvent. [Doc. #58]. As the case was administratively insolvent, the deferred filing fee would be paid on a *pro rata* basis. The proposed payment for the filing fee amounted to $276.92 instead of the general $350.00 filing fee.

On February 20, 2023, Trustee, on behalf of the estate, electronically paid the filing fee of $350.00.

On February 28, 2023, Trustee filed the Motion. [Doc. #63]. The basis of the Motion is that the estate erroneously paid the entire filing fee of $350.00, instead of the *pro rata* filing fee of $276.92, which resulted in an overpayment of $76.08 that should be refunded.

On March 21, 2023, this case came before the court on Trustee's Motion. Trustee attended telephonically.

The current version of the Bankruptcy Fee Compendium addresses the issue before the court.

> **Prohibition Against Refunding Filing Fees.** The Judicial Conference prohibits refunding the fees due upon filing. The Conference prohibits the clerk from refunding these fees even if the party filed the case in error, and even if the court dismisses the case or proceeding. Nevertheless, the clerk must refund any fee collected without authority.

Bankruptcy Fee Compendium III (June 1, 2014), Section A.8, p. 16 (footnote omitted); *see also*, *In re Fletcher*, 2012 WL 3133931 at *1, 2012 Bankr. LEXIS 3574 at *2 (Bankr. N.D. Ohio Aug. 1, 2012)(describing the binding nature of the fee rules contained in the Fee Compendium). Additionally, the Bankruptcy Fee Compendium provides:

> **Prohibition Against Refunding the Filing Fee.** The Judicial Conference prohibits refunding the fee for filing a complaint. The Conference prohibits refunding the fee even if the party filed the complaint in error, or if the court dismisses the adversary proceeding.

Bankruptcy Fee Compendium III (June 1, 2014), Section G.2, p. 63.

Here, the Fee Compendium's specific prohibitions against refunding fees "due upon filing" cannot be overcome by Trustee because there is no evidence that the fee was collected "without authority."

Under the Bankruptcy Fee Compendium and Local Bankruptcy Rule 5080-1(a), to allow

the refund of a filing fee, the court must find either that: (1) the fee was collected without authority, or (2) the fee was collected due to administrative error on the part of the clerk's office. *See*, Local Rule 5080-1(a).[1] *Lofton v. Roll* (*In re Lofton*), 2016 WL 1179245 at *1, 2016 Bankr. LEXIS 1038 at *2 (Bankr. N.D. Ohio Mar. 25, 2016); *In re Alderman*, 2022 WL 17683689 at *2, 2022 Bankr. LEXIS 3527 at *3 (Bankr. N.D. Ohio Dec. 14, 2022)("Thus, the standard for court authorization to allow the refund of a filing fee is twofold: (1) the fee was collected without authority or (2) the fee was collected due to administrative error on the part of the Clerk's office." (alterations omitted)(citation omitted)).

"Bankruptcy filing fees are governed by 28 U.S.C. §1930." *In re Gibbs*, 2015 WL 1915522 at *2, 2015 Bankr. LEXIS 1422 at *5 (Bankr. N.D. Ohio Apr. 24, 2015); *see also, Richmond v. Nat'l Collegiate Student Loan Tr. 2007-2* (*In re Richmond*), 2015 WL 5333812 at *1, 2015 Bankr. LEXIS 3067 at *2 (Bankr. N.D. Ohio Sept. 11, 2015)(Whipple, J.). As authorized by 28 U.S.C. §1930(b), the Judicial Conference has promulgated a Miscellaneous Fee Schedule itemizing various additional administrative fees due in connection with bankruptcy cases. *See,* 1 Collier on Bankruptcy ¶9.07 (Richard Levin & Henry J. Sommer eds., 16th ed.); *In re Baumler*, 2010 WL 3239354 at *1, 2010 Bankr. LEXIS 2744 at *2 (Bankr. N.D. Ohio Aug. 16, 2010)(Kendig, J.)("Section 1930(b) is the provision which permits the Judicial Conference of the United States to establish other filing fees in bankruptcy cases, which parallels the authority to establish fees for district court cases under 28 U.S.C. §1914(b)."); *see also, In re Rutherford*, 427 B.R. 656, 660 n.5 (Bankr. S.D. Ohio 2010)("28 U.S.C. §1914 applies to civil actions commenced in district courts and is the analog of 28 U.S.C. §1930, which applies only to bankruptcy fees.").

The fee for filing a complaint, which initiates an adversary proceeding, is included in the Bankruptcy Court Miscellaneous Fee Schedule adopted by the Judicial Conference. An adversary proceeding "is commenced by filing a complaint with the court." Fed. R. Civ. P. 3, made applicable by Fed. R. Bankr. P. 7003. The Bankruptcy Court Miscellaneous Fee Schedule states the fee for filing a complaint is $350.00. *In re Lofton*, 2016 WL 1179245 at *1, 2016 Bankr. LEXIS 1038 at *1. Further, the Bankruptcy Fee Compendium states "**Fees Due.** The fee

---

1/ (a) *General Rule*. Neither the Clerk nor a Judge has the authority to permit refund of fees due upon filing except for fees collected without authority or due to administrative error on the part of the clerk's office. Refunds will not be permitted if a party files a document in error, even if the Court dismisses the case or proceeding or denies the relief requested.

is $350. The clerk must collect the fee when the plaintiff files the complaint." *Trbovich v. Keybank, N.A.* (*In re Trbovich*), 2016 WL 3879268 at *2, 2016 Bankr. LEXIS 3845 at *5 (Bankr. N.D. Ohio Oct. 28, 2016); *see also,* Bankruptcy Fee Compendium III (June 1, 2014), Section G.1, p. 58.[2]

If a trustee is the plaintiff, the filing fee is payable only from the estate to the extent any estate is realized. Accordingly, "[w]hen due, the fee is payable only from the estate." Bankruptcy Fee Compendium III (June 1, 2014), Section G.1.B.(2), p. 58. However, if "the estate has no liquid funds to pay the fee when the trustee or debtor in possession files the adversary proceeding, the court may defer payment by a trustee or debtor in possession until the estate secures liquid funds." Bankruptcy Fee Compendium III (June 1, 2014), Section G.1.B.(3), pp. 58–59. The filing fee becomes an administrative expense with first priority in payment from the estate along with other administrative expenses. *See,* 11 U.S.C. §507(a)(1). "If the funds in the estate are insufficient to pay all of the administrative expenses in full, the filing fee is paid *pro rata* with the other administrative claims." Bankruptcy Fee Compendium III (June 1, 2014), Section G.1.B.(6), p. 59. Despite deferral, a filing fee is still due. This provides authority for the clerk to collect an adversary filing fee.

The Bankruptcy Fee Compendium covers exceptions to the fee for filing a complaint. None are applicable here. Accordingly, collection of the fee was not "without authority."

In sum, payment of the filing fee was deferred but nonetheless "due." Accordingly, collection of the fee was not "without authority." The *pro rata* amount of the filing fee due was $276.92. However, the filing fee was mistakenly paid in full. *See, In re Collum*, 2012 WL 2921491 at *4, 2012 Bankr. LEXIS 3279 at *14 (Bankr. N.D. Ohio July 17, 2012)(Whipple, J.)(noting the "phrase 'to correct an administrative error' as used in the Judicial Conference policy means an error by the clerk or the court itself and 'does not include errors by the debtor, the debtor's attorney or the trustee'"). Accordingly, this fee was due despite the payment of the filing fee being in error.

Thus, pursuant to the statute, the Federal Rules of Bankruptcy Procedure, the Bankruptcy

---

2/ "Administrative Office of the U.S. Courts, Bankruptcy Fee Compendium III (2014). The Bankruptcy Court for the Northern District of Ohio has made a copy of the 2014 edition available online at https://www.ohnb.uscourts.gov/sites/default/files/file-list/feecompendium_0.pdf." 1 Collier on Bankruptcy ¶9.02[4] n.24a (Richard Levin & Henry J. Sommer eds., 16th ed.). The Fee Compendium may also be accessed at the Bankruptcy Court for the Northern District of Ohio's website by selecting "Filing Fees" under the "Court Info" tab and then selecting "Fee Compendium."

Court Miscellaneous Fee Schedule, the fee policies of the Bankruptcy Fee Compendium, and Local Rule 5080-1, the court must deny Trustee's Motion for the issuance of a refund.

Wherefore, for all of the reasons stated herein,

**IT IS ORDERED** that Trustee's Motion for Refund of Overpayment of Fees [Doc. #63] be, and hereby is, **DENIED.**

**IT IS SO ORDERED.**